UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMARA'S GROUP, L.L.C. | CIVIL ACTION |
| VERSUS | NUMBER 12-205-JJB-SCR |
| HARTFORD UNDERWRITERS<br>INSURANCE COMPANY | CONSOLIDATED WITH<br>NUMBER 12-206-JJB-SCR |

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is a Motion to Compel filed by plaintiff Tamara's Group, L.L.C.  Record document number 20.  The motion is opposed by defendant Hartford Underwriters Insurance Company.[1]

Plaintiff filed two Petitions in state court to obtain declaratory relief, and to recover damages and defense costs incurred as a result of injuries to two of its employees, Ryan Robinson and Olider Medros Ramos.  According to the Petitions, both employees were injured while allegedly performing land based clean-up work related to the BP oil spill.  Due to the circumstances surrounding the injuries, the plaintiff's worker's compensation carrier, defendant Hartford, found that the employees were not state workers under the Louisiana Worker's Compensation Act.  Rather, it determined that they were seamen or crew members of a vessel, and thus not eligible for worker's compensation coverage under the policy it issued to the plaintiff.  The employees filed

---

[1] Record document number 26. Plaintiff filed a reply memorandum.  Record document number 32.  Defendant filed a sur-reply memorandum.  Record document number 31.

separate Jones Act lawsuits against the plaintiff, both of which were ultimately settled.

Plaintiff then filed the state court suits against the defendant alleging that both employees were covered under the Louisiana Worker's Compensation Act and the Hartford policy. Plaintiff also alleged that the defendant's investigations into the employees' claims were inadequate, improper and in bad faith. The suits were removed to this court by the defendant and then consolidated.

On May 2, 2012, the plaintiff propounded two sets of interrogatories and requests for production of documents on the defendant, one for each individual suit. After reviewing the defendant's responses, the plaintiff filed this Motion to Compel.

A review of the discovery requests and the parties' arguments supports the conclusion that the defendant should supplement its discovery responses with any interviews and statements it obtained from the two Tamara's employees and any witnesses. Defendant's relevance argument based on the eight-corners rule is unconvincing as to the plaintiff's coverage claim.[2] As noted by the plaintiff, this claim is separate and distinct from the duty to defend claim.

---

[2] Louisiana's "Eight Corners Rule" requires a court to assess whether there is a duty to defend by applying the allegations of the complaint to the underlying policy without resort to extrinsic evidence.  *Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009).

2

Theoretically, a plaintiff may prevail on a coverage claim even if no duty to defend exists.[3]  Defendant's reliance on *Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.* is misplaced because a scheduling order was issued in that matter which preliminarily limited discovery to the duty to defend.[4]  Although the defendant argued that the allegations in the employees' lawsuits unambiguously excluded coverage under the policy, it has not shown that the plaintiffs ares prohibited from using extrinsic evidence to establish a factual basis for coverage.[5]  Therefore, discovery outside of the eight-corners rule is allowed.

The circumstances where coverage exists without a duty to defend are far less common than the inverse.[6]  An overview of the allegations in the petition shows that finding a duty to defend the employees' suits is most unlikely.[7]  Because the plaintiff has not provided any substantive factual or legal basis to establish

---

[3] *Martco Ltd. Partnership*, supra.

[4] 2011 WL 3568197, 1 (M.D.La. Aug. 12, 2011)

[5] *See*, *Continental Holdings, Inc. v. Liberty Mutual Insurance Company*, 443 Fed.Appx.1 (5th Cir. 2011)(for purposes of determining indemnity coverage under the unambiguous terms of the worker's compensation policy, extrinsic evidence was used to properly understand and classify the injuries alleged in a employee's petition against their employer).

[6] *Martco Ltd. Partnership,* 588 F.3d at 872, n.1.

[7] See also record document number 18, Defendant's Motion for Summary Judgment.  The district judge deferred ruling on the motion, before the plaintiff filed a response, pending the ruling on this Motion to Compel.  Record document number 23.

coverage given the allegations in the employees' petitions, only a limited amount of discovery from the defendant's claims file is warranted at this time. The theoretical possibility of coverage, particularly when no duty to defend exists, is not enough to justify the sort of extensive discovery requested by the plaintiff. Plaintiff's bad faith claim does not increase the scope of discovery here because it is dependent on the existence of coverage in the first place.

Accordingly, the only discoverable documentation to be supplemented at this time are statements obtained by Hartford from the Tamara's employees, Ryan Robinson and Olider Medros Ramos, and from any witnesses.[8] The additional discovery requested, such as claims notes, coverage evaluations, Hartford's protocol's and policies, is overbroad at this point in the case. Thus, the remaining discovery responses addressed in the motion are sufficient.

Plaintiff's request for two separate sets of discovery responses, instead of the one set of consolidated responses submitted by the defendant, is unwarranted. Although the facts and circumstances surrounding the employees' job duties and injuries are different, the consolidated response format was reasonable in light of the following facts: 1) the questions were identical

---

[8] Defendant has not established the aforementioned interviews and statements fall within work product protection or the attorney-client privilege.

except for the employee, (2) most responses were identical for each employee, and (3) when different, the responses clearly designated information specific to each employee.  Because the accidents occurred under completely different circumstances and will have different witnesses, it is unlikely that a consolidated supplemental response will cause any confusion.

Accordingly, the Motion to Compel filed by plaintiff Tamara's Group, L.L.C. is granted, in part and denied, in part.  Within 14 days, the defendant shall provide any interviews or statements taken by Hartford from the Tamara's employees, Ryan Robinson and Olider Medros Ramos, and any witnesses.  No objections will be allowed.  In all other respects, the plaintiff's Motion to Compel is denied.  Pursuant to Rule 37(a)(5)(C), the parties shall bear their respective costs.

Baton Rouge, Louisiana, November 26, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5